IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WESTERN HOLDING GROUP, INC.;
MARINE EXPRESS, INC. and
CORPORACIÓN FERRIES DEL
CARIBE,

Plaintiffs

v.

THE MAYAGÜEZ PORT COMMISSION,
et al.,

Defendants

CIVIL 08-2335 (ADC)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON MOTION TO
DISMISS UNDER FED. R. CIV. P. 12(b)(1) and 28 U.S.C.A. § 1342

Plaintiffs are engaged in the business of maritime transportation of cargo and passengers between the ports of Mayagüez and Santo Domingo through the use of one vessel, the M/V Caribbean Express, a hybrid roll-on/roll-off vessel which has the capacity to carry over 1,000 passengers, in addition to vehicles and containers.  Plaintiffs bring this complaint against the defendants for violation of the Shipping Act of 1984, 46 U.S.C. § 41102(c), charging that the defendants engaged in unjust, unreasonable and unlawful practices (Docket No. 1, at 27, ¶ 89), and unreasonable refusal to negotiate, unreasonable discrimination and undue or unreasonable prejudice or disadvantages in violation of 46 U.S.C. § 41106 (1)-(3).  Plaintiffs also allege violation of their Constitutional rights under the Foreign Commerce Clause, the Import-Export Clause, the Tonnage Clause, the

CIVIL 08-2335 (ADC)                              2

right to travel under the Fifth Amendment Due Process Clause, the Taking Clause, the Substantive Due Process and Equal Protection Clauses.

This matter is before the court on motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), and 28 U.S.C.A. § 1342 (Johnson Anti-Injunction Act) filed by defendants Mayagüez Port Commission, Dennis Bechara, Alfredo Archilla, Sergio Zeligman, Enrique Gómez and William Phiths, in their official capacity as commissioners of the Mayagüez Port Commission on December 15, 2008. (Docket No. 23.) On December 16, 2009, co-defendants Holland Group Port Investment (Mayagüez), Inc., José González Freyre and Antonio Jacobs moved to join the motion to dismiss. (Docket No. 30.) Plaintiffs Western Holding Group, Inc, Marine Express, Inc., and Corporación Ferries del Caribe, Inc. responded in opposition to the motion to dismiss on December 23, 2008. (Docket No. 41.)

Plaintiffs Western Holding Group, Inc, Marine Express, Inc., and Corporación Ferries del Caribe, Inc, and defendants Mayagüez Port Commission, Dennis Bechara, Alfredo Archilla, Sergio Zeligman, Enrique Gómez and William Phiths, in their official capacity as commissioners of the Mayagüez Port Commission had stipulated on January 15, 2009, in the best interest of the operations of the Mayagüez port, to apply the terms of the Handbook and Tariff No. 1 in full force until the close of business on April 15, 2009. (Docket No. 49, at 3, ¶ 1.) This agreement was entered into, in part, in order to give the parties the opportunity to resolve the disputes among them by private settlement, as well as to give them

CIVIL 08-2335 (ADC)                                    3

the opportunity to resolve their disputes by mediation sponsored by the Federal Maritime Commission.  The parties agreed to submit a report as to the status of the proceedings before the Federal Maritime Commission to the court before April 10, 2009.  Reports have been thus filed.  (Docket Nos. 78, 79.)

The defendants argue that plaintiffs seek an order to effectively enjoin, suspend, or otherwise restrain the application by the Mayagüez Port Commission and Holland Group of the tariffs and rates contained in the port tariff regulation, such rate regulation being presumptively valid.  The defendants argue further that plaintiffs wish to replace the current tariff rates with ones which no longer apply to the Mayagüez port.  (Docket No. 23, at 2, ¶ 1.)  They emphasize that the matter of the tariffs is strictly a local affair while at the same time acknowledging that the Federal Maritime Commission has primary jurisdiction over this matter.  Indeed, the Federal Maritime Commission has already reflected the intention to exercise jurisdiction over the issues in this controversy since it has docketed plaintiffs' complaint before it, and placed a deadline-driven schedule into its calendar.  The defendants, stressing the existence of remedies at the administrative agency and state court levels, reject plaintiffs' attack based on the Takings Clause, as well as the Due Process and Equal Protection clauses of the United States Constitution.  Again they stress that the Johnson Anti-Injunction Act prohibits the court from enjoining the application of the Mayagüez tariff and

CIVIL 08-2335 (ADC)                                          4

substituting it with the Puerto Rico Ports Authority tariff.  (I have already made a recommendation on the matter of substitution but have not addressed the Act.)

Plaintiffs, arguably non-vessel operating common carriers, argue that because of the defendants' unjust, unreasonable and discriminatory regulations and practices designed to affect the local community and international commerce by putting plaintiffs out of business, on November 14, 2008, they filed a complaint against the defendants as marine terminal operators of the Port of Mayagüez with the Federal Maritime Commission requesting redress under the Shipping Act of 1984.

## DISCUSSION

The Johnson Anti-Injunction Act provides that

> § 1342. Rate orders of State agencies
>
> The district courts shall not enjoin, suspend or restrain the operation of, or compliance with, any order affecting rates chargeable by a public utility and made by a State administrative agency or a rate-making body of a State political subdivision, where:
> (1) Jurisdiction is based solely on diversity of citizenship or repugnance of the order to the Federal Constitution; and,
> (2) The order does not interfere with interstate commerce; and,
> (3) The order has been made after reasonable notice and hearing; and,
> (4) A plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1342.

CIVIL 08-2335 (ADC)                              5

The statute clearly reads in the conjunctive and all requirements must be met in order for the anti-injunction provisions to apply.  If one element is missing, then the act does not apply and the court indeed may exercise subject matter jurisdiction.  See, e.g., United States W., Inc. v. Nelson, 146 F.3d 718, 722 (9th Cir. 1998); Aluminum Co. of Am. v. Util. Comm'n of State of N.C., 713 F.2d 1024, 1027-28 (4th Cir. 1983).  I am aware that "[p]roper respect for principles of federalism and comity requires that federal courts, 'anxious though [they] may be to vindicate and protect federal rights and federal interests, always endeavor[ ] to do so in ways that will not unduly interfere with the legitimate activities of the States.'"  Casa Marie, Inc. v. Superior Court of P.R., 988 F.2d 252, 262 (1st Cir. 1993) (quoting Younger v. Harris, 401 U.S. 37, 44 (1971)).  However, it is clear that in this case, the plaintiffs' causes of action are based upon a federal statute which clearly empowers, indeed requires the court to entertain a request for preliminary injunctive relief.  See, e.g., Pub. Serv. Co. of N.H. v. Patch (Patch V), 167 F.3d 15, 25 (1st Cir. 1998).  Specifically, section 7 of the Act, 46 U.S.C. § 41306, reads as follows:

> § 41306. Injunctive relief sought by complainants
>
> (a) In general. After filing a complaint with the Federal Maritime Commission under section 41301 of this title [46 USCS § 41301], the complainant may bring a civil action in a district court of the United States to enjoin conduct in violation of this part [46 USCS §§ 40101 et seq.].

CIVIL 08-2335 (ADC)                                6

>(b) Venue. The action must be brought in the judicial district in which--
>(1) the Commission has brought a civil action against the defendant under section 41307(a) of this title [46 USCS § 41307(a)]; or
>(2) the defendant resides or transacts business, if the Commission has not brought such an action.
>
>(c) Remedies by court. After notice to the defendant, and a showing that the standards for granting injunctive relief by courts of equity are met, the court may grant a temporary restraining order or preliminary injunction for a period not to exceed 10 days after the Commission has issued an order disposing of the complaint.
>
>(d) Attorney fees. A defendant prevailing in a civil action under this section shall be allowed reasonable attorney fees to be assessed and collected as part of the costs of the action.

46 U.S.C. § 41306.  The Shipping Act bestows upon the court the authority to issue a preliminary injunction if the elements for injunctive relief are met, and if the parties or other persons may have their rights vindicated before the Federal Maritime Commission.  See, e.g., California v. United States, 320 U.S. 577, 585 (1944); P.R. Ports Auth. v. Federal Maritime Comm'n, 919 F.2d 799, 802 (1st Cir. 1990).  These parties include marine terminal operators and non-vessel operating common carriers (NVOCCs).  Therefore, the Johnson Anti-Injunction statute does not apply to the controversy among the parties in this case, and does not preclude the court from entering into the subjective matter of equitable relief.  Indeed, plaintiffs concede that the petition for preliminary injunction is based solely on the Federal Shipping Act, and not on the constitutional causes of action.

CIVIL 08-2335 (ADC)                              7

I address the constitutional questions at this time.  Plaintiffs claim violations of their rights under the Foreign Commerce Clause, the Import-Export Clause, the Tonnage Clause, the right to travel under the Fifth Amendment Due Process Clause, the Taking Clause, the Substantive Due Process and Equal Protection Clauses.  I purposefully avoid reaching the constitutional questions because the issues before the court are correctly disposed of without having to resort to the United States Constitution for solution.  See, e.g., Harris County Comm'rs Court v. Moore, 420 U.S. 77, 83 (1975); Mangual v. Rotger-Sabat, 317 F.3d 45, 63 (1st Cir. 2003); Redgrave v. Boston Symphony Orchestra, Inc., 855 F.2d 888, 911-12 (1st Cir. 1988).

## CONCLUSION

In view of the above,  I recommend that the defendants' motion requesting dismissal under Federal Rule of Civil Procedure 12(b)(1) based upon a violation of the Johnson Anti-Inunction statute be DENIED.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v.

CIVIL 08-2335 (ADC)                               8

Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983).

At San Juan, Puerto Rico, this 22d day of April, 2009.

                                S/ JUSTO ARENAS
                                Chief United States Magistrate Judge