IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WESTERN HOLDING GROUP, INC.; MARINE EXPRESS, INC. and CORPORACIÓN FERRIES DEL CARIBE,<br><br>Plaintiffs<br><br>v.<br><br>THE MAYAGÜEZ PORT COMMISSION et al.,<br><br>Defendants | CIVIL 08-2335 (ADC) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON *YOUNGER* ABSTENTION

Plaintiffs are common carriers and owners of the M/V CARIBBEAN EXPRESS, a ferry which operates out of the port of Mayagüez and transports goods and passengers to and from the Dominican Republic, something it has done for the last 15 years. (Docket No. 1, at 1-3.) The vessel can hold 1,067 passengers, forty 45-foot containers, and fifty motor vehicles. (Id. at 8, ¶ 20.) Due to her particular design, the M/V CARIBBEAN EXPRESS can only dock at the Mayagüuez port. The defendants are the owners and operators of the port of Mayagüez.

Plaintiffs brought this action against defendants for violation of the Shipping Act of 1984, 46 U.S.C. § 41102(c), alleging "unjust, unreasonable and unlawful practices," as well as "unreasonable refusals to negotiate, unreasonable discrimination and undue or unreasonable prejudice or disadvantages in violation of 46 U.S.C. § 41106 (1)-(3)." (Docket No. 1, at 26, ¶ 89.) Plaintiffs also alleged

CIVIL 08-2335 (ADC)                         2

violations of their Constitutional rights under the Foreign Commerce Clause, the Import-Export Clause, the Tonnage Clause, the right to travel under the Fifth Amendment's Due Process Clause, the Taking Clause, and the Substantive Due Process and Equal Protection Clauses. (Id. at 2.) Plaintiffs sought damages and injunctive relief against further violations of the Shipping Act. (Id. at 35.)

I.   Procedural and Factual Background

This matter is before the court on the "Urgent Motion Requesting Abstention Pursuant to *Younger v. Harris*" filed by defendants Mayagüez Port Commission and its members, Commissioners Dennis Bechara, Alfredo Archilla, Sergio Zeligman, Enrique Gómez and William Phiths, in their official capacity. (Docket No. 25.) Defendant Holland was granted leave to join the motion on December 23, 2008. (Docket No. 39.) Plaintiffs Western Holding Group, Inc., Marine Express, Inc. and Corporation Ferries del Caribe, Inc., opposed the motion for *Younger* abstention on December 22, 2008. (Docket No. 31.) On April 17, 2009 I recommended that plaintiffs' request for injunctive relief be denied. (Docket No. 86.) Consistent with that recommendation, but not because of it, I now recommend that the motion requesting abstention under *Younger* be DENIED.

The parties are currently engaged in three separate proceedings: before the Federal Maritime Commission, before this court, and before defendant Mayagüez Port Commission ("Commission") itself. On October 28, 2008, the Plaintiffs

CIVIL 08-2335 (ADC)                        3

submitted a formal complaint with the Commission seeking damages against defendants and a nullification of allegedly unreasonable charges levied upon plaintiffs by defendants. (Docket No. 1, at 23, ¶ 75.) Proceedings before the Commission were thus underway when the present action was filed with this court on November 25, 2008. (Docket No. 1.) On January 15, 2009 the parties agreed to a Stipulation and Consent Order that stayed proceedings before this court, including adjudication of motions to dismiss, until 5:00 p.m. on April 15, 2009. (Docket No. 49 at 3, ¶¶ 1, 5.) That period having expired, it is now appropriate to adjudicate those motions, including this one.

II.     The *Younger* Abstention Doctrine

"*Younger* is a court-made rule of abstention built around the principle that, with limited exceptions, federal courts should refrain from issuing injunctions that interfere with ongoing state-court litigation, or, in some cases, with state administrative proceedings." Maymo-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 31 (1st Cir. 2004) (citing Younger v. Harris, 401 U.S. 37, 43-45, 53-54 (1971)). Although originally pertaining only to state criminal actions, the abstention doctrine has since been broadened to apply to state-level, quasi-judicial, administrative proceedings. ESSO Standard Oil Co. v. López-Freytes, 522 F.3d 136, 143 (1st Cir. 2008) (citing Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d at 31 n.3) (enumerating the various applications of the *Younger* doctrine)).

CIVIL 08-2335 (ADC)                              4

Abstention may apply to a quasi-judicial body "so long as there is an adequate opportunity to litigate federal claims either in the administrative proceeding or in a state court judicial review proceeding." Ticket Ctr., Inc. v. Banco Popular De P.R., 399 F. Supp. 2d 79, 83 (D.P.R. 2005) (citing Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619 (1986)).

The issue here is whether the Commission provides "an adequate opportunity to litigate federal claims." Id. I find that it does not. The Commission was created by the Mayagüez Port Commission Act of 1959. P.R. Laws Ann. tit. 23, § 551 *et seq.* Its purpose is:

> to develop, approve, acquire, construct, manage, own, operate and administer all port business . . . .

Id. at § 555. The only provision arguably endowing the Commission with quasi-judicial powers is subsection (l) of section 555, which provides that the Commission:

> shall have and may exercise all such rights and powers as may be necessary or convenient for the carrying out of these purposes, including, but without limitation, the following:
>
> . . .
>
> (l) Upon holding public hearings, to determine, fix, alter, charge, and collect reasonable rates, fees, rentals, and other charges for the use of the facilities or services of the Port Commission, or other commodities sold, rendered, or furnished by it, which shall be sufficient for the payment of the expenses of the Port Commission

CIVIL 08-2335 (ADC)                              5

> incurred in the conservation, development, improvement, extension, repair, maintenance, and operation of its facilities and properties, for the payment of the principal of and interest on its bonds, and for fulfilling the terms and provisions of such covenants as may be made with, or for the benefit of, the purchasers or holders of any bonds of the Port Commission; Provided, That, in fixing rates, fees, rentals, and other charges, the Port Commission shall have in view the encouragement of the widest economically possible diversified use of its facilities; and, Provided, further, That, in determining, fixing or charging rates, or in making changes in the general structure thereof, the Commission shall hold a public hearing to hear the interested parties and the general public; but that, in case the Commission shall decide to make changes and shall deem the immediate effectiveness thereof to be necessary, then, within a reasonable time after such changes are made, a public hearing of an informative, quasi-legislative character shall be held with respect thereto before the Commission, or before any officer or officers that the Commission may designate, and after such hearing, the Commission, pursuant to the powers, duties, and obligations granted and imposed on it by this chapter, may alter, suspend or revoke such changes.

P.R. Laws Ann. tit. 23, § 555(l).[1]  Essentially, the statute ordains the Commission with no greater powers than "to determine, fix, alter, charge, and collect reasonable rates, fees, rentals, and other charges for the use of the facilities or services of the Port Commission." Id.  Such powers hardly amount to the capacity

---

[1] The statute contains no provision for state court judicial review of proceedings before the Commission.  The Mayagüez Port Commission Handbook and Tariff No. 01 does provide that actions against the Commission are to be filed exclusively in the courts of the Commonwealth of Puerto Rico (which would mean that the Commission lacks the authority to hear this case to begin with) but no case has been filed before that court. (Docket No. 31, at 12.)

CIVIL 08-2335 (ADC)                                    6

to make a judicial determination as to compliance with a federal statute, or with various clauses of the United States Constitution. It can hardly be said that an entity whose purpose is to manage a port is qualified to make judicial determinations ordinarily made by a court of law. Plaintiffs evidently recognized this, as their complaint before the Commission did not seek injunctive or constitutional relief, but rather raised simple tariff-related grievances:

> a. that on at least 22 occasions the respondent submitted invoices under the Tariff Regulations without including the inventory or necessary documentation to support the same.
>
> b. on at least 2 occasions the respondent submitted invoices under the Tariff Regulation for amounts owed for delay provided by Section 16.7.1.3 of the Tariff Regulation.

(Docket No. 31, at 6; Docket No. 25-4, at 1-2.) Plaintiffs reserved their federal and constitutional law claims for this court, and defendants do not contend that the Commission is suitably equipped for such claims. (Docket No. 25.) Accordingly, the Commission does not provide an adequate opportunity to litigate federal claims, and abstention under *Younger* would be inappropriate here.

In view of the above, I recommend that defendants' motion for abstention be DENIED.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection

CIVIL 08-2335 (ADC)                              7

thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.   Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983).

    At San Juan, Puerto Rico, this 27th day of April, 2009.

                              S/ JUSTO ARENAS
                Chief United States Magistrate Judge