## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF PUERTO RICO

<table>
<tr><td>

WESTERN HOLDING GROUP, INC., et al.,

      **Plaintiffs,**

      **v.**

THE MAYAGÜEZ PORT COMMISSION, et al.,

      **Defendants.**

</td><td>

**Civil No. 08-2335 (ADC)**

</td></tr>
</table>

## ORDER

Plaintiffs, Western Holdings Group, Inc., Marine Express, Inc. and Corporación Ferries Del Caribe, Inc. ("plaintiffs"), brings suit against defendants, the Mayagüez Port Commission, Dennis Bechara, Alfredo Archilla, Enrique Gómez, William Phiths, Holland Group Port Investment (Mayagüez), Inc., José González-Freyre, Sergio Zeligman, and Antonio Jacobs (collectively, "defendants"). **Docket No. 1**. In addition to their numerous claims, plaintiffs seek a preliminary injunction. **Docket No. 2**. Plaintiffs' request for a preliminary injunction was referred to Chief Magistrate-Judge Justo Arenas ("Chief Magistrate-Judge") on December 1, 2008, for a report and recommendation. **Docket No. 6**. On April 17, 2009, after conducting hearings on January 16, 20, 26 and February 6, 2009, the Chief Magistrate-Judge issued a Report and Recommendation ("R & R") which recommended denying plaintiffs' motions for preliminary injunction. **Docket No. 86**. Objections to the R & R were due by May 4, 2009, but none were filed.[1]

## I.       Standard of Review for Objections to A Report and Recommendation

A district court may refer pending motions to a magistrate-judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); L. Civ. R. 72(a). Any party

---

[1] Instead, plaintiffs filed a motion informing the court that "[a]lthough the insidious acts of the defendants continue, the passage of time has mooted the nature of the remedy that can be sought by plaintiffs. Because of this changed situation, the plaintiffs will not present an Objection under Rule 72(b), Fed. R. Civ. P." **Docket No. 89**, at 2.

adversely affected by the recommendation issued may file written objections within ten (10) days of being served with the report and recommendation. 28 U.S.C. § 636(b)(1). However, "[a]bsent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985). Accordingly, absent a proper objection, the court need only satisfy itself that there is no plain error in order to accept an unopposed Report and Recommendation. *Pellot-Bermúdez v. U.S.*, Civ. No. 04-1702 (DRD), 2006 WL 3007480, *2 (D.P.R. Sept. 22, 2006).

**II.      Discussion/Conclusion**

Upon review of the R & R, the court finds no reason to depart from the Chief Magistrate-Judge's recommendation. Moreover, in light of plaintiffs' admission that the remedy sought in the preliminary injunction is no longer warranted, and their decision not to file an objection to the R & R, the court **ADOPTS** the R & R in full (**Docket No. 86**). Thus, plaintiffs' request for a preliminary injunction (**Docket No. 2**) is **DENIED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 5th day of May, 2009

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**