**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **WESTERN HOLDING GROUP, INC., et al.,**<br><br>    **Plaintiffs,**<br><br>    **v.**<br><br>**THE MAYAGÜEZ PORT COMMISSION, et al.,**<br><br>    **Defendants.** | **Civil No. 08-2335 (ADC)** |

## ORDER

Plaintiffs, Western Holdings Group, Inc., Marine Express, Inc. and Corporación Ferries Del Caribe, Inc. ("plaintiffs"), bring suit against defendants, the Mayagüez Port Commission, Dennis Bechara, Alfredo Archilla, Enrique Gómez, William Phiths, Holland Group Port Investment (Mayagüez), Inc., José González-Freyre, Sergio Zeligman, and Antonio Jacobs (collectively, "defendants"). **Docket No. 1**. In their complaint, plaintiffs allege a violation of the Shipping Act of 1984, 46 U.S.C. § 41102(c), charging that defendants engaged in unjust, unreasonable and unlawful practices, and unreasonable refusal to negotiate, unreasonable discrimination and undue or unreasonable prejudice or disadvantages in violation of 46 U.S.C. § 41106 (1)-(3). Plaintiffs also allege violation of their Constitutional rights under the Foreign Commerce Clause, the Import-Export Clause, the Tonnage Clause, the right to travel under the Fifth Amendment Due Process Clause, the Taking Clause, the Substantive Due Process and Equal Protection Clauses. *Id.* On December 15, 2008, co-defendants Mayagüez Port Commission, Dennis Bechara, Alfredo Archilla, Sergio Zeligman, Enrique Gómez and William Phiths, in their official capacity as commissioners of the Mayagüez Port Commission moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1), and 28 U.S.C. § 1342. **Docket No. 23**. On December 16, 2008, co-defendants Holland Group Port Investment (Mayagüez), Inc., José González Freyre and Antonio Jacobs moved to join the motion to dismiss. **Docket No. 30.** Said motion was granted on December 23, 2008. **Docket No. 39**. On April 22, 2009,

Chief Magistrate-Judge Justo Arenas (the "Chief Magistrate-Judge") issued a Report and Recommendation ("R & R") which recommended denying defendants' motion to dismiss. **Docket No. 87**. Objections to the R & R were due by May 11, 2009, but none were filed.

I. **Standard of Review for Objections to A Report and Recommendation**

A district court may refer pending motions to a magistrate-judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); L. Civ. R. 72(a). Any party adversely affected by the recommendation issued may file written objections within ten (10) days of being served with the report and recommendation. 28 U.S.C. § 636(b)(1). However, "[a]bsent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985). Accordingly, absent a proper objection, the court need only satisfy itself that there is no plain error in order to accept an unopposed Report and Recommendation. *Pellot-Bermúdez v. U.S.*, Civ. No. 04-1702 (DRD), 2006 WL 3007480, *2 (D.P.R. Sept. 22, 2006).

II. **Discussion/Conclusion**

Upon review of the R & R, the court finds no reason to depart from the Chief Magistrate-Judge's recommendation. Moreover, up to this date, no objections to the R & R have been filed. Accordingly, the court **ADOPTS** the R & R in full (**Docket No. 87**), thereby denying defendants' motion to dismiss (**Docket No. 23**).

    **SO ORDERED**.

    At San Juan, Puerto Rico, on this 12th day of June, 2009

                            **S/AIDA M. DELGADO-COLÓN**
                            **United States District Judge**